UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

WILLIAM ROBERTS, SR.,

    Defendant.

Case No. 3:24-cr-21

District Judge Michael J. Newman

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT (Doc. No. 36)

    Defendant William Roberts, Sr. has been indicted on one count of being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Doc. No. 2. This case is before the Court upon Defendant's motion to dismiss the indictment (Doc. No. 36), and the Government's memorandum in opposition (Doc. No. 39).

    Defendant contends that dismissal of the indictment is warranted because it, and his current prosecution, violate his right to keep and bear arms under the Second Amendment to the United States Constitution. Doc. No. 36 at PageID 72. The Government argues that § 922(g)(1) can be constitutionally applied to all felons and to dangerous individuals, including Defendant. Doc. No. 39 at PageID 87, 92.

**I.**

    Having carefully reviewed Defendant's motion and his criminal record, including (but not limited to) his three prior home burglaries, the Court finds that his motion does not present a close issue because he has failed to meet his burden to show he is not a danger to others. Assuming,

*arguendo*, that the Court needs to reach the merits of this issue in more detail, the Court turns to a more detailed analysis of Defendant's motion and the Second Amendment issue he raises.

## II.

Defendant's motion to dismiss contains a brief description of the events leading to his arrest. Doc. No. 36 at PageID 72-73. To summarize: In February 2024, deputies from the Clark County Sheriff's Office approached a vehicle they believed to have been stolen. They removed Defendant from the vehicle, and he acknowledged that he possessed a firearm on his person. *Id*. Deputies took possession of the firearm, and Defendant informed them he had been convicted of burglary. *Id*. His arrest and indictment followed, and the case has progressed to his present Second Amendment challenge.

## III.

The Second Amendment provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear arms." U.S. Const. amend. II.

As the parties and counsel well understand, § 922(g)(1) "makes it illegal for anyone convicted of 'a crime punishable by imprisonment for a term exceeding one year' to possess a firearm." *United States v. Williams*, 113 F.4th 637, 643 (6th Cir. 2024) (quoting § 922(g)(1)). Section 922(g)(1) "is constitutional as it applies to dangerous individuals." *Id*. at 662. This Court's "dangerousness determination will be fact-specific, depending on the unique circumstances of the individual defendant." *Id*. at 660. "[A]n individual [defendant] has … the burden to demonstrate that he is not dangerous and falls outside of § 922(g)(1)'s constitutionally permissible scope." *Id*. at 657.

Defendant raises an as-applied challenge to § 922(g)(1)[1]—specifically that § 922(g)(1), as

---

[1] Defendant does not argue that § 922(g)(1) is unconstitutional on its face. *See* Doc. No. 36 at PageID 72-75.

applied to him, violates the Second Amendment because his prior felony convictions (for drug possession, breaking and entering (*i.e.*, burglary), and non-payment of child support) are not crimes against a person and do not show he is a danger to others, and his prior burglaries endangered no one. Doc. No. 36 at PageID 73-75.

Defendant has not met his burden to show he is not a danger to others. Although his prior burglaries did not involve violence or physically injure anyone, the circumstances of these burglaries (described in his memorandum, *id*.) fall short of showing he is not dangerous. *See United States v. Morton*, 123 F.4th 492, 499 (6th Cir. 2024) ("[W]e are not confined to the fact of conviction alone, but may consider how an offense was committed"). In one burglary, he entered a home through an unlocked front door; in another, he entered a home through an unlocked window. Doc. No. 36 at PageID 74. In both instances, no one was home, and Defendant did not physically injure anyone. *Id*. Yet, the lack of physical injury to others was more happenstance than certainty and did not eliminate the danger Defendant presented to others during these two home burglaries. The fact that he did not physically injure anyone during these two burglaries may weigh somewhat in his favor but does not wholly eliminate the danger he created by entering unlocked homes and stealing property. *See Williams*, 113 F.4th at 663 ("A person convicted of a crime is 'dangerous,' … if he has committed … a crime that that inherently poses a significant threat of danger, including (but not limited to) drug trafficking and burglary. [Such an] individual … will have a very difficult time, to say the least, of showing he is not dangerous").

The circumstances of another home burglary brings Defendant's dangerousness more to light because someone returned home to find him inside. *Id*. at PageID 74. When confronted, Defendant pushed by this person and ran out of the house. *Id*. Again, the fact that Defendant did not physically injure the person was a fortunate happenstance rather than a fact showing he is not

dangerous. *Id*. Indeed, the danger he posed to that person during their unexpected encounter is readily apparent.

The Government correctly points to many other events in Defendant's criminal history that tend to show he has all-to-often presented a danger to others. *See Morton*, 123 F.4th at 499 ("[T]he dangerousness inquiry should consider the 'defendant's entire criminal record—not just the specific felony underlying his § 922(g)(1) conviction'—including 'past convictions in the record, as well as other judicially noticeable information.'" (quoting *Williams*, 113 F.3d at 659-60). Combined with his prior burglaries and related conduct (discussed above), his history of unlawful activities shows he repeatedly created circumstances and engaged in criminal conduct that defeat his present attempt to show he is not dangerous to others. *See* Doc. No. 39 at PageID 91-92.

For the above reasons, Defendant has not met his burden to show he does not present a danger to others and, consequently, the indictment and prosecution Defendant faces in the instant case pursuant to § 922(g)(1) do not violate his rights under the Second Amendment.[2]

### IV.

Accordingly, Defendant's motion to dismiss the indictment is **DENIED**.

**IT IS SO ORDERED.**

January 24, 2025                               s/*Michael J. Newman*
                                               Hon. Michael J. Newman
                                               United States District Judge

---

[2] Given this conclusion, there is no present need to reach the Government's contention that § 922(g)(1) can be constitutionally applied to all felons. Doc. No. 39 at PageID 92-96.